Ilslex, J.
This is a suit on two promissory notes, drawn by the defendant to the order of Simpson & Dorr, of which firm the plaintiff is a member.
Tbe defence is, that these notes are the property of the firm, and that the plaintiff cannot sue simply to recover their contents; and that the defendant is not liable for interest, as he offered to pay the notes in full, and tendered the amount thereof to the firm. ■
The reason “when the Court, considering the law and evidence ” adduced by the Judge of the District Court for rendering judgment in favor of the plaintiff, is as much a reason for judgment in favor of defendant as plaintiff, and does not meet the requirements of the Constitution of *28 1864, Art. 76, Tit. 5. Police Jury vs. Bozeman, 11 An. 94. Gallot vs. McCluskey, 18 An. 260.
It is competent, however, for this Court to proceed to the examination and decision of the case. Hatcher, Tutor, vs. Dodd, 12 La. 143.
The main question presented is, whether an individual member of a commercial firm, to the order of which firm a note is made payable, and which it has endorsed in blank, can maintain an action on it in his own name against the maker.
The defendant maintains that a note or instrument made payable to two or more payees or obligees, held by one of them, he must be considered as the holder for all, unless it be shown that he has acquired by fa-ansfer the rights of his co-obligees; and he relies upon the case of Cox v. Bethany, 10 La. 154.
The note sued on in that case was made payable to Elizabeth Cox (the plaintiff) Thomas Bills and Elizabeth Bills, or bearer, and was signed by Mathew Bethany (defendant.)
The presumption of title to the note in Elizabeth Cox was not raised by the fact that she possessed it as bearer, because, as all the co-obligees could not have the actual possession of the note at the same time, it therefore devolved on Elizabeth Cox, to show a transfer to her from her co-obligees to vest in her the sole title to the note, to enable her to maintain an action for its recovery.
In the case at bar, the notes were made payable to a commercial firm, or order, and the endorsement on them of the social name transferred the whole title to them to any endorsee, whether a member of the firm, or otherwise.
The endorsement in blank of Simpson & Dorr, sufficed to justify the maker to pay to any bona fide holder of 'the notes, who, in default of payment, could maintain an action for their recovery.
No principle is better settled than that one partner alone of a firm cannot maintain a separate action to recover a debt due to a partnership, of which he is a member; but that principle has no application in the present case, because, during the existence of the partnership, its endorsement on the notes divested it of all title to them, which vested in the endorsee and holder.
No tender of the amount of the notes as alleged is shown, and interest runs from their respective maturities.
For the reasons here given, it is ordered, adjudged and decreed that the judgment of the lower Court be avoided and reversed, and proceeding to pronounce such judgment as should have been pronounced by the lower Court for the reasons aforesaid, it is ordered, adjudged and decreed by the Court, that judgment be and it is hereby rendered in favor of E. W. Dorr, the plaintiff, and against' Joseph Jouet, the defendant, for tl.e sum of five hundred and forty-one dollars and ninety-five cents, with legal interest on one hundred and nineteen dollars and twelve cents, from the 6th June, 1861, and a like interest on five hundred and twenty-twc- dollars and eighty-three cents, from 6th July, 1861, to 11th May, 1866, and thence till paid, on four hundred and twenty-two dollars and eighty-three cents, the costs of the lower Court to be paid by the defendant anl appellant, and those of this Court by the plaintiff and appellee.